[Cite as *State v. Bowling*, 2024-Ohio-2881.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :        APPEAL NO. C-230561
                                                 TRIAL NO. C-23CRB-15792
    Plaintiff-Appellee,             :
                                                 *O P I N I O N.*
    vs.                             :

NICHOLAS BOWLING,                       :

    Defendant-Appellant.            :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: July 31, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Nicholas Bowling appeals his conviction, following a bench trial, for one count of assault under R.C. 2903.13(A). In his sole assignment of error, Bowling argues that his conviction is against the manifest weight of the evidence. Finding Bowling's argument to be without merit, we affirm the trial court's judgment.

## I. Factual and Procedural Background

{¶2} A complaint was filed against Nicholas Bowling charging him with one count of assault under R.C. 2903.13(A), a first-degree misdemeanor.

{¶3} On September 8, 2023, the victim of the assault and her daughter, Taylor Eggleston, drove to a residence in Harrison, Ohio, to pick up Eggleston's child that they believed was at the residence. Upon arrival, they were told by Krista Seward, the owner of the residence, that the child left with his father and Seward's daughter. The various witnesses contest what happened after the victim and Eggleston's arrival.

{¶4} According to the victim and Eggleston, Seward grabbed the victim by the throat. Seward also attacked Eggleston when she went to help her mother. During this exchange, both the victim and Eggleston claimed to hear a gunshot. At trial, they both testified that Bowling had a handgun and fired a shot into the air. They also testified that Bowling hit the victim in the head with the gun as she attempted to get back into her car. Subsequently, the victim went to the hospital where she received six staples and three stiches to close the wound to her head.

{¶5} At trial, Bowling and Seward disputed this version of events. Seward claimed that the victim was the first to initiate physical contact, and that during their fight, Seward slammed the victim against various parts of her car, including the hood

and the windshield. At this point, Bowling became involved and separated the victim from Seward. After the victim tried to again attack Seward, Bowling shut the car door on the victim in an attempt to stop her. Both Bowling and Seward denied the presence of a gun during the incident.

{¶6}   While the victim and Eggleston were at the hospital, a report was filed about a possible assault. In a written statement given to the police, the victim named someone other than Bowling as her assailant. However, at trial she clarified that she was not aware of Bowling's name at the time of the incident, and that the father of Eggleston's child provided the wrong name of her assailant to both the victim and Eggleston. She relied on the name that she had been provided when giving the name of her assailant to the police.

{¶7}   After the assault was reported, Hamilton County Sheriff's Deputy Ronnie Abusway responded to the residence where the assault occurred. At trial, he testified that he spoke to Seward and asked if anyone present was a bald, white male with a beard, which was the description that the victim provided of her assailant. Abusway spoke with Bowling, who fit this description. Abusway testified that he Mirandized Bowling, who admitted to causing the victim's head injury by slamming her into the car door. While Bowling denied using a gun during the confrontation, both he and Seward admitted to the presence of a gun at the residence and allowed the deputy to inspect it. Deputy Abusway ultimately concluded that a gun was not involved in the assault.

{¶8}   At trial, Bowling testified that he told an officer that he slammed the car door on the victim to protect Seward from being arrested. And on cross-examination, Bowling admitted that his actions caused injury to the victim's head.

3

{¶9}    Following a bench trial on September 27, 2023, the trial court found Bowling guilty and imposed a sentence of 180 days of imprisonment with credit for 16 days already served.

## II. Manifest Weight of the Evidence

{¶10}  In his sole assignment of error, Bowling argues that his conviction is against the manifest weight of the evidence.

{¶11}  A challenge to the manifest weight of the evidence involves an evaluation of the evidence presented at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The reviewing court must weigh the evidence to determine whether the trier of fact clearly lost its way and committed such a manifest miscarriage of justice that the defendant's conviction must be reversed and a new trial ordered. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A new trial should be granted only in exceptional cases where the evidence weighs heavily against conviction. *Id.*

{¶12}  Bowling was convicted of assault under R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Therefore, the state had to prove that Bowling knowingly slammed the car door on the victim with the knowledge that this could cause her harm, and that doing so caused the victim's head injury.

**{¶13}** Bowling argues that the trial court lost its way because the evidence failed to establish that he caused the injury to the victim's head. However, Bowling testified that he struck the victim with the car door and that this caused her injury. While there was testimony from the victim and Eggleston that the injury was caused by a gun, the use or presence of a gun was not necessary to sustain Bowling's conviction. Bowling's admission, which the trial court was entitled to believe, established that he caused physical harm to the victim by slamming her head into the car door. Given Bowling's admission, this is not one of those exceptional cases in which the evidence weighs heavily against the conviction. Therefore, we cannot say that the trial court lost its way in convicting Bowling. *See Martin* at 175.

**{¶14}** Bowling's conviction for assault was supported by the weight of the evidence. The sole assignment of error is overruled.

### III. Conclusion

**{¶15}** Having overruled Bowling's assignment of error, we accordingly affirm the trial court's judgment.

Judgment affirmed.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

5